# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO SALAS, | : | |
| Petitioner | : | CIVIL ACTION NO. 4:06-1124 |
| v. | : | (MCCLURE, D.J.) |
| | | (MANNION, M.J.) |
| KAREN F. HOGSTEN, Warden, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On June 5, 2006, the petitioner, an inmate at the Federal Correctional Institution, at Allenwood, ("FCI-Allenwood"), White Deer, Pennsylvania, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). On July 5, 2006, the petitioner submitted the proper filing fee. (Doc. No. 3). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as made applicable to §2241 by Rule 1 thereof[1].

The petitioner was convicted in the United States District Court for the

---

[1] Ordinarily, prior to giving the petition preliminary consideration, an administrative order would be issued pursuant United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising the petitioner that he could have his petition ruled on as filed (i.e., as a §2241 petition); have his petition re-characterized as a §2255 motion and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals; or withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996). However, because the petitioner has shown that he is aware of, and has in fact exercised, his rights pursuant to §2255, the notice specified by Miller was not issued in this case.

Eastern District of Virginia for conspiracy to distribute heroin in violation of 21 U.S.C.A. §§841(a)(1), 846. He was sentenced on June 29, 1999, to life imprisonment. The petitioner filed a direct appeal to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence on April 17, 2000. See United States of America v. Salas, 211 F.3d 1266 (4th Cir. 2000). Apparently, the petitioner wrote to the Clerk of Court for the Fourth Circuit referencing the filing of a late "direct appeal." (Doc. No. 1, Ex. 5). The petitioner was informed that his direct appeal was decided on April 17, 2000. He was further informed that, if he wished to file a petition based upon ineffective assistance of counsel, he should file a §2255 petition in the district court. (Id.).

The petitioner apparently filed a §2255 petition in the district court which was denied. The petitioner filed an appeal of the district court's order, which was dismissed by the Fourth Circuit on July 11, 2003. See United States of America v. Salas, 68 Fed.Appx. 484 (4th Cir. 2003). A petition for writ of certiorari was denied by the United States Supreme Court on February 23, 2004. See Salas v. United States, 540 U.S. 1200 (2004).

The petitioner filed motions for relief pursuant to Fed.R.Civ.P. 59(e) and 60(b) in the district court, which were denied. The petitioner's appeal of the order denying his motions, was dismissed in the Fourth Circuit on November 29, 2005. See United States of America v. Salas, 155 Fed.Appx. 691 (4th Cir. 2005). In that decision, the petitioner was advised that his notice of appeal

2

and "informal brief" were being construed as an application to file a second or successive motion under §2255. As the petitioner's claims did not meet the standards for filing a second or successive petition, the court declined to authorize a successive §2255 motion. A petition for writ of certiorari was denied by the United States Supreme Court on May 15, 2006. See Salas v. United States, 126 S.Ct. 2047 (2006).

On June 5, 2006, the petitioner filed the instant action pursuant to 28 U.S.C. §2241, in which he challenges his conviction in the Eastern District of Virginia, claiming ineffective assistance of counsel. (Doc. No. 1).

Originally enacted in 1948 as the equivalent of the habeas writ, §2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal court. The only exception allows a federal prisoner to bring a habeas petition if a §2255 motion proves "inadequate or ineffective." 28 U.S.C. §2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); Application of Galante, 437 F.3d 1164, 1165 (3d Cir. 1971).

In 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to §2255.[2] The

---

[2]Antiterrorism and Effective Death Penalty Act, Pub.L.No. 104-132, 110 Stat. 1214, ("AEDPA").

3

amendments retained the original provisions of §2255 and, among other things, added restrictions on an inmate's ability to bring a second or successive motion. The amendments required that a second or successive motion must be certified by the appropriate court of appeals. Id. This "gatekeeping provision" restricts an inmate's ability to bring a second or successive motion by requiring the new motion to contain either newly discovered evidence that if proven would be sufficient to establish that the movant was not guilty or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

While inmates may attempt to circumvent the gatekeeping provisions of §2255 by bringing a claim for collateral review of conviction or sentence under §2241, as previously discussed, §2241 is only available to attack the validity of a conviction or sentence where a §2255 motion is inadequate or ineffective.

Courts have found that a §2255 motion is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the petitioner to demonstrate inadequacy or ineffectiveness. Id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th

Cir. 1966).

Courts have further held that prior unsuccessful §2255 motions filed in the sentencing court are insufficient, in and of themselves, to show that the motion remedy is inadequate or ineffective. Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." Garris v. Lindsay, 794 F.2d 722, 272 (D.C. Cir.) cert. denied, 479 U.S. 993 (1986). Concerning issues cognizable under §2255, a §2255 motion "supercedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

The circumstances which make a §2255 motion inadequate or ineffective were also addressed by the courts in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, supra. Both the Triestman and Dorsainvil courts held that a §2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a §2241 petition to

challenge a federal conviction or sentence.

In this case, the petitioner has already filed a §2255 motion challenging his conviction in the sentencing court, which was denied. The petitioner's attempts to appeal the denial of his §2255 motion were unsuccessful. The petitioner also attempted to file a second or subsequent §2255 motion in the sentencing court, which was denied. Attempted appeals of this decision were also unsuccessful. The petitioner now attempts to bring his claims pursuant to §2241. The petitioner does not attempt, however, to establish that his remedies pursuant to §2255 are inadequate or ineffective. Indeed, he cannot.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

          S/ Malachy E. Mannion
          **MALACHY E. MANNION**
          **United States Magistrate Judge**

**Date:** September 11, 2006
O:\shared\REPORTS\2006 Reports\06-1124.01.wpd