IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO SALAS | : |
| | : Civil Action No. 4: 06-CV-1124 |
| Petitioner, | : |
| | : (Judge McClure) |
| v. | : |
| | : (Magistrate Judge Mannion) |
| KAREN F. HOGSTEN, Warden | : |
| | : |
| Respondent. | : |

**ORDER**

October 4, 2006

FILED
WILLIAMSPORT, PA
OCT - 4 2006
MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

**BACKGROUND:**

On June 5, 2006, Mario Salas, pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Salas is currently a federal prisoner incarcerated at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), White Deer, Pennsylvania.  Salas had previously been convicted in the United States District Court for the Eastern District of Virginia for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 846.  He was sentenced to life imprisonment.

Following his conviction and sentencing, Salas filed a direct of appeal to the United States Court of Appeals for the Fourth Circuit, where his conviction and sentence were affirmed.  He did not petition the United States Supreme Court for a

writ of certiorari. He then filed a motion under 28 U.S.C. § 2255 in the Eastern District of Virginia which motion was dismissed. He appealed this dismissal to the Fourth Circuit, where the dismissal was affirmed. He then petitioned the Supreme Court for a writ of certiorari, which was denied. He then filed a motion for relief pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) in the Eastern District of Virginia, where it was denied. He appealed this denial to the Fourth Circuit, who interpreted this motion as a successive motion[1] under § 2255 but declined to authorize the motion. He then petitioned for a writ of certiorari to the Supreme Court, where he was also denied.

In the instant action, Salas challenges his conviction claiming ineffective assistance of counsel. In particular, he claims his attorney should have petitioned for a writ of certiorari following the failure of his direct appeal to the Fourth Circuit and that this failure to do so violated his Sixth Amendment right to counsel.

This case was initially referred to United States Magistrate Judge Malachy E. Mannion.

---

[1] Through the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress imposed limitations on the availability of collateral attack of convictions and sentences. In particular, this gatekeeping provision requires that a second or successive § 2255 motion be certified by the appropriate court of appeals.

On September 11, 2006, Magistrate Judge Mannion issued a six-page report and recommendation, recommending that the petition be dismissed. (Rec. Doc. No. 4-1.) On or about September 22, 2006, Salas filed a pleading captioned "Motion to Alter of Amend Judgment Under F. R. Civ. P. Rule 59(e)." (Rec. Doc. No. 5.) We will construe this filing as an objection to the report and recommendation.

For the reasons set forth below, we will adopt in full the report and recommendation of Magistrate Judge Mannion, and dismiss Salas' petition.

## DISCUSSION:

### I. Standard of Review

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### II. Analysis

Title 28 U.S.C. § 2255 is the federal equivalent of writ of habeas corpus. It explicitly requires a federal prisoner's request for collateral review of a conviction or sentence to be brought by motion under this section § 2255. Under § 2255, the

3

only way a federal prisoner can bring a habeas corpus petition under § 2241 is if a § 2255 motion would be "inadequate or ineffective."

Section 2255 is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 motion from affording him a full hearing and adjudication of his wrongful detention claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). In the present case, the magistrate judge determined that the petitioner has failed to demonstrate that § 2255 is "inadequate or ineffective" and therefore recommended that the § 2241 petition be dismissed.

Petitioner's sole objection to the magistrate judge's report and recommendation appears to be that the magistrate judge erred in finding that petitioner failed to demonstrate that § 2255 is inadequate or ineffective. (Rec. Doc. No. 5, at 2.) He does not make any particular argument as to why § 2255 is inadequate or ineffective, other than simply saying that such is the case. (Id.) It appears that he may be arguing that because he has already filed a § 2255 motion which was dismissed and is unable to file another, § 2255 is now inadequate or ineffective. This argument fails because the denial of prior § 2255 motions does not render that section "inadequate or ineffective." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). While petitioner is likely displeased with the denial of his

4

prior § 2255 motion, he cannot circumvent § 2255's requirements by simply filing a habeas petition under § 2241. United States v. Brooks, 230 F.3d 643, 647-49 (3d Cir. 2000). In the absence of any other procedural impediment to his filing of a § 2255 motion, the petition must be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. United States Magistrate Judge Malachy E. Mannion's Report and Recommendation is adopted. (Rec. Doc. No. 4-1.)

2. Petitioner's petition seeking habeas corpus relief under 28 U.S.C. § 2241 is DISMISSED. (Rec. Doc. No. 1.)

2. The clerk is directed to close the case file.

/s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge